Filed 9/2/22  In re R.P. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re R.P. et al., Persons Coming Under the Juvenile Court Law. | |
| RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES, | E078367 |
| Plaintiff and Respondent, | (Super. Ct. No. SWJ1700376) |
| v. | OPINION |
| Y.P., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Kelly L. Hansen, Judge.

Affirmed.

Sarah Vaona, under appointment by the Court of Appeal, for Defendant and Appellant.

Teresa K.B. Beecham, County Counsel, and Prabhath Shettigar, Deputy County Counsel, for Plaintiff and Respondent.

1

I.

INTRODUCTION

Y.P. (Father) appeals the juvenile court's order limiting his visits with his dependent children to video visits instead of in-person visits. We affirm.

II.

FACTUAL AND PROCEDURAL BACKGROUND[1]

Father's infant children, R.P. and A.P., were detained, removed from his care in 2017, and placed with caregivers. His child, I.S., born in October 2020, also was detained, removed from his care, and placed with caregivers in the weeks after her birth. In December 2020, the juvenile court ordered twice weekly supervised visits for Father.

About two months later, the Riverside County Department of Public Social Services (the Department) received a referral stating that R.P., then just under four years old, had reported Father sexually abused her. R.P. told her caregivers that she has a "secret place" where Father kisses her on the lips. R.P. "masturbates at night" and has acted out sexually toward boys and men.

---

[1] The dependency proceedings below have been protracted. We need only briefly discuss a limited part of the proceedings to resolve the sole issue Father raises on appeal.

In May 2021, the Department received another referral alleging that Father was potentially sexually abusing R.P. Although the Department's investigation was inconclusive, R.P. stated during her interview that she takes showers and baths with Father, which make her feel uncomfortable.

In July 2021, Father told R.P. and her siblings during a video visit that they would be coming home. After the call, R.P. began "touching on her privates."

About two months later, the Department received a referral concerning Father's alleged sexual abuse of a child. Law enforcement confirmed that they opened an investigation into the child's allegations of sexual abuse by Father.

At a supervised visit in November 2021, R.P. "dance[d] inappropriately by shaking her butt and 'twerk[ed]' while looking back at her father as if she wanted attention." R.P. also said that Father was her boyfriend.

Around the same time, R.P. stated during a forensic interview that Father touched her vagina while they were alone. R.P. said that Father also took her pants and panties off, touched her vagina, and began "digging" in her vagina with his pinky. R.P., then five-years-old, reported that this had happened ten times.

The Department filed petitions under Welfare and Institutions Code section 388[2] requesting that the juvenile court terminate Father's visits. At a hearing on the petitions in December 2021, the juvenile court modified Father's visits with his children to two

---

[2] All further statutory references are to the Welfare and Institutions Code.

supervised "video-conference" visits per week and no in-person visits. Father timely appealed.

## III.

## DISCUSSION

Father's sole argument on appeal is that the juvenile court erred by modifying his visits to video visits only.[3] Father contends the juvenile court's order modifying his visits to video visits amounted to a denial of visitation. (See § 366.21, subd. (h); *In re Manolito L.* (2001) 90 Cal.App.4th 753, 760-762.) Thus, in his view, the juvenile court had to find by clear and convincing evidence that supervised in-person visits were detrimental to the children. He claims his visits should have remained supervised but in person because there was no risk of detriment to the children that justified making his visits by video only.

We disagree.[4] A detriment finding is necessary only if the juvenile court terminates or suspends visitation altogether. (See *In re C.C.* (2009) 172 Cal.App.4th 1481, 1490.) That did not occur here. The juvenile court only limited Father's visits to video calls.

---

[3] Although the juvenile court granted the Department's section 388 petitions, Father does not argue the court erred in doing so. He challenges only the juvenile court's order modifying his visits to video visits. We therefore need not discuss the standards concerning section 388 petitions.

[4] We assume without deciding that Father did not forfeit his arguments by failing to object in the juvenile court, as the Department contends.

Relying on *In re David D.* (1994) 28 Cal.App.4th 941 and *In re Brittany S.* (1993) 17 Cal.App.4th 1399, Father contends the juvenile court still improperly restricted his visits to video calls.  Neither case supports his position.

In *In re David D.*, *supra*, 28 Cal.App.4th 941, the juvenile court erroneously limited mother's visitation to a single two-hour visit between the termination of reunification services and the section 366.26 hearing as punishment for her attempted suicide, despite finding that visits would *benefit* the children.  (*In re David. D.*, *supra*, at p. 954.)

The juvenile court in *Brittany S.* improperly denied the mother visits because she was incarcerated, even though the prison was less than 40 miles from where her child lived and visits would have been possible.  (*In re Brittany S.*, *supra*, 17 Cal.App.4th at p. 1407.)  Father argues that, just like the juvenile court in *Brittany S.* improperly limited the mother's contact to phone calls and letters, the juvenile court here improperly limited his contact to video calls.  (See *ibid.*)  But the *Brittany S.* mother had not abused the child and there was no reason why "visitation could not have been appropriate."  (*Ibid.*)  Instead, the mother was denied visits only because she was incarcerated.  (*Ibid.*)

Here, however, there were serious concerns that Father had sexually abused R.P. and another minor child, and the juvenile court had to consider those concerns when determining Father's visits.  The frequency and nature of visits "depends on a broad[] assessment by the court of the child's 'well-being.'"  (*In re C.C.*, *supra*, 172 Cal.App.4th at p. 1491.)  We therefore review visitation orders for an abuse of discretion.  (*In re S.H.*

(2011) 197 Cal.App.4th 1542, 1557-1558.)[5]  The juvenile court abuses its discretion if its visitation order is arbitrary, capricious, or patently absurd.  (*Ibid*.)

There was no abuse of discretion here.  R.P. claimed Father sexually abused her on multiple occasions, including by kissing her, digitally penetrating her, and masturbating in front of her.  She danced sexually in Father's presence in an apparent attempt to get his attention, and has called him her boyfriend.  After one phone visit with Father, R.P. began touching her vaginal area inappropriately.  When the juvenile court modified Father's visits to video calls, Father was under criminal investigation for allegedly sexually abusing another child.  Father is often uncooperative with the Department, he has not complied with various supervised in-person visitation orders, and he has ignored the Department's directives at supervised in-person visits.  He also acted aggressively during some of those visits.

On this record, the juvenile court reasonably found that limiting Father's visits to video visits was necessary to protect the well-being of his children.  Nothing about this determination was arbitrary, capricious, or absurd.

---

[5]  We reject Father's argument that we review the juvenile court's visitation order for substantial evidence, but the order is nonetheless supported by substantial evidence, as discussed below.

IV.

DISPOSITION

The juvenile court's order modifying Father's visits to video visits is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
Acting P. J.

We concur:

FIELDS
      J.

RAPHAEL
      J.